UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GENWORTH LIFE AND ANNUITY INSURANCE COMPANY,

Plaintiff(s),

v.

AMBER HUNT, et al.,

Defendant(s).

Case No. 2:17-CV-2260 JCM (PAL)

SECOND AMENDED ORDER

Presently before the court is Amber Hunt's ("petitioner") petition for approval to compromise claims of minors. (ECF No. 14).

In the present petition, the natural mother and legal custodial parent of Jayda Madison Hunt and Jameson Alwin Hunt (the "minor claimants"), petitions the court to approve the proposed compromise of the claims of the minor claimants, as set forth in the settlement agreement. (ECF No. 14).

On April 8, 2003, plaintiff Genworth Life and Annuity Insurance Company ("Genworth") issued the flexible premium adjustable life insurance policy no. 6706243 (the "policy") to Jeremy Hunt (the "insured"), former husband of the petitioner, and now-deceased father of the minor claimants. (ECF No. 14). The insured designated his then-wife, the petitioner, as the sole primary beneficiary of the policy and Jared Hunt, the insured's adult son from a previous marriage, as the sole contingency beneficiary. *Id.* During the insured and petitioner's marriage, the couple had two children, the minor claimants. *Id.*

On October 25, 2011, petitioner and the insured were divorced, however, the insured did not submit a change of beneficiary to Genworth at any time. (ECF No. 14). On August 22, 2016,

the insured died. *Id.* The death benefit of the policy is $1,000,000.00. *Id.* Upon the insured's death, both petitioner and Jared Hunt, the insured's adult son, contacted Genworth to assert competing claims to the death benefit. *Id.* Genworth notified both petitioner and Jared Hunt that the death benefit had been reduced by a loan that the insured took against the policy, reducing the death benefit total to $967,474.05. *Id.*

Jared Hunt and petitioner, on behalf of herself and the minor claimants, were able to amicably resolve their competing claims to the death benefit. (ECF No. 14). Accordingly, Genworth, Jared Hunt, and the petitioner entered into a settlement agreement with the following terms:

> (1) Within forty-five (45) days upon the granting of the instant Petition, Genworth shall distribute the Net Death Benefit equally among Jared Hunt (25%), Petitioner Amber Hunt (25%), Jayda Madison Hunt (25%) and Jameson Alwin Hunt (25%) ("Agreement");
>
> (2) The distribution checks to Jameson and Jayda shall be made payable to Amber Hunt for the benefit of each minor and shall be deposited in respective blocked financial investments for their benefit in accordance with Nevada Revised Statute § 41.200(5);
>
> (3) The Settlement Agreement becomes effective upon this Court's approval thereof;
>
> (4) Global mutual releases;
>
> (5) Dismissal of the Instant Action within ten (10) days of full distribution by Genworth; and

(ECF No. 14).

Petitioner believes acceptance of the terms set forth in the settlement agreement is in the best interest of the minor claimants. (ECF No. 14).

Pursuant to NRS 41.200, "[i]f an unemancipated minor has a disputed claim for money against a third person, either parent . . . . has the right to compromise the claim. Such a compromise is not effective until it is approved by the district court of the county where the minor resides, or if the minor is not a resident of the State of Nevada, then by the district court of the county where the claim was incurred, upon a verified petition in writing, regularly filed with the court." Section (2) of NRS 41.200 sets forth the requirements of the petition, which include information about the

incident, the minor, the guardian, the total amount of proceeds of the compromise and how those funds are to be distributed. NRS 41.200.

Further, the petition must explain why the compromise is in the best interest of the minor, and demonstrate "that petitioner has been advised and understands that acceptance of the compromise will bar the minor from seeking further relief from the third person offering the compromise." *Id.*

In accordance with NRS 41.200, petitioner explains the incident—the death of the insured, her ex-husband—and the resulting settlement agreement between her, on behalf of herself and the two minor claimants, and Jared Hunt. (ECF No. 14). The petition also states that the minor claimants live with petitioner in Clark County, Nevada. *Id.*

Petitioner also explains why the settlement agreement will be in the best interest of the minor claimants and that she "understands that acceptance of the compromise will bar the [m]inor [c]laimants from seeking further relief from either Jared [Hunt] or Genworth. . . ." (ECF No. 14 at 6). Further, petitioner asserts that pursuant to NRS 41.200(5), after the proceeds are deposited into her attorney's trust account, petitioner will promptly establish a blocked financial investment account for each of the minor claimants, and deposit their respective settlement proceeds ($241,868.51) for their exclusive use and benefit. (ECF No. 14).

In light of the aforementioned, the court is inclined to approve the submitted compromise between petitioner, on behalf of herself and the minor claimants, Jared Hunt, and Genworth.

Accordingly,

IT IS HEREBY ORDERED that petitioner Amber Hunt's petition for compromise of disputed claim of minors, Jayda Madison Hunt and Jameson Alwin Hunt (ECF No. 14) be, and the same hereby is, APPROVED.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Genworth Life and Annuity Insurance Company pay the sum of $241,868.51 to each Jayda Madison Hunt and Jameson Alwin Hunt in consideration for full liability release and final discharge for all claims, charges and demands arising out of the above described life insurance policy.

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that pursuant to NRS 41.200, the sums are to be paid to the mother of the children, Amber Hunt, and then placed in blocked financial investment accounts in the name of each child and maintained in accordance with sections (5) through (8) of NRS 41.200.

IT IS FURTHER ORDERED that within thirty (30) days of receipt of the sums from Genworth Life and Annuity Insurance Company, petitioner Amber Hunt will file with the court proof that the blocked financial investment accounts have been established.

DATED April 13, 2018.

_____
UNITED STATES DISTRICT JUDGE